UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES DANIELS, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>METRO ONE LOSS PREVENTION SERVICES GROUP (GUARD DIVISION NY), INC.,<br><br>Defendant. | Case No. _______________<br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that Defendant METRO ONE LOSS PREVENTION SERVICES GROUP (GUARD DIVISION NY), INC. ("Defendant"), by and through its attorneys, K&L Gates LLP, hereby removes this action from the Supreme Court of the State of New York, County of Orange, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. In support of this Notice of Removal, Defendant respectfully states as follows:

## I. BACKGROUND

1. On August 6, 2026, Plaintiff James Daniels ("Plaintiff") commenced this action by filing a Summons and Collective and Class Action Complaint (the "Complaint") in the Supreme Court of the State of New York, County of Orange, bearing Index No. EF008761-2026. On August 14, 2026, Defendant's counsel accepted service of the Summons and Complaint on behalf of Defendant. See Exhibit A.

2. The Complaint was filed by Lawyers for Justice, P.C., as counsel for Plaintiff and the putative class and FLSA collective.

3. The Complaint is brought as a hybrid collective and class action on behalf of Plaintiff and all current and former hourly-paid or non-exempt employees who worked for Defendant. The Complaint asserts eight causes of action: (1) FLSA – Overtime Wages (29 U.S.C. § 207); (2) FLSA – Minimum Wage (29 U.S.C. § 206); (3) NYLL – Overtime Wages; (4) NYLL – Non-Overtime Wages; (5) NYLL – Failure to Timely Pay Wages (§ 191); (6) NYLL – Notice Upon Hiring (§ 195(1)(a)); (7) NYLL – Wage Statements (§ 195(3)); and (8) NYLL – Spread of Hours (12 NYCRR § 142-2.4).

4. A true and correct copy of the Summons, Complaint, and all process, pleadings, and orders served upon Defendant is attached hereto as Exhibit B, as required by 28 U.S.C. § 1446(a).

5. A true and correct copy of the docket sheet is attached hereto as Exhibit C.

## II. <u>THIS REMOVAL IS TIMELY</u>

5. On August 14, 2026, Defendant's counsel accepted service of the Summons and Complaint on behalf of Defendant. This Notice of Removal is filed within thirty (30) days of Defendant's receipt of the Complaint, as required by 28 U.S.C. § 1446(b). This removal is therefore timely.

6. Defendant is the only defendant named and served in this action. Accordingly, no other defendant's consent to removal is required under 28 U.S.C. § 1446(b)(2)(A).

## III. <u>THIS COURT HAS ORIGINAL JURISDICTION UNDER 28 U.S.C. § 1331</u>

7. This Court has original jurisdiction under 28 U.S.C. § 1331 because Plaintiff's well-pleaded Complaint expressly asserts claims arising under federal law. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The action is therefore removable by Defendant under 28 U.S.C. § 1441(a).

8. Specifically, Plaintiff's First Cause of Action alleges unpaid overtime in violation

of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, and Plaintiff's Second Cause of Action alleges minimum-wage violations under the FLSA, 29 U.S.C. § 206. Those claims arise under the laws of the United States within the meaning of 28 U.S.C. § 1331.

9. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's related NYLL and New York wage-order claims (the Third through Eighth Causes of Action). These claims arise from the same alleged wage-and-hour practices, including the alleged failure to pay required wages and overtime and the related wage-payment and recordkeeping practices, and therefore form part of the same case or controversy under Article III. See *Huer Huang v. Shanghai City Corp.*, 459 F. Supp. 3d 580, 590–91 (S.D.N.Y. 2020); *Shahriar v. Smith & Wollensky Rest. Grp.*, 659 F.3d 234, 244–46 (2d Cir. 2011).

## IV. VENUE IS PROPER IN THIS DISTRICT

10. Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because the Supreme Court of the State of New York, County of Orange, from which this action is removed, is located within the Southern District of New York. *See* 28 U.S.C. § 112(b).

## V. FURTHER REQUIRED STATEMENTS

11. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendant in this action are attached hereto as Exhibit B.

12. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly given to Plaintiff and filed with the Clerk of the Supreme Court of the State of New York, County of Orange.

13. Defendant expressly reserves all defenses, motions, and pleas available under applicable federal and state law, including but not limited to those available under Rules 12 and 56 of the Federal Rules of Civil Procedure. Removal of this action shall not constitute a waiver of any such defense.

WHEREFORE, Defendant respectfully requests that this action be removed from the Supreme Court of the State of New York, County of Orange, to the United States District Court for the Southern District of New York, and that Defendant be granted all other and further relief as this Court deems just and proper.

Dated: New York, New York
September 4, 2026

K&L GATES LLP

By:/s/Maria C. Caceres-Boneau

Maria C. Caceres-Boneau
New York Bar No. 4744827
Maria.Caceres-Boneau@klgates.com
599 Lexington Avenue
New York, New York 10022
+1.212.536.4027 – Telephone
Brent D. Hockaday (*pro hac vice* pending)
Texas State Bar No. 24071295
Brent.Hockaday@klgates.com
Brandon A. Keaton (*pro hac vice* pending)
Texas State Bar No. 24128456
Brandon.Keaton@klgates.com
2828 N. Harwood Street, Suite 1800
Dallas, Texas 75201
214-939-5659 – Telephone
214-939-5849 – Facsimile

Attorneys for Defendant
Metro One Loss Prevention Services Group (Guard Division NY), Inc.

**CERTIFICATE OF SERVICE**

I, Maria C. Caceres-Boneau, hereby certify that on September 4, 2026, I caused a true and correct copy of the foregoing Notice of Removal, together with all exhibits thereto, to be served upon the following counsel of record by electronic mail and first-class mail, postage prepaid:

Joanna Ghosh
Jonathan Apsan
Lawyers for Justice, P.C.
217 Broadway, Suite 511
New York, New York 10007
joanna@calljustice.com
j.apsan@calljustice.com

I further certify that, pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly filed with the Clerk of the Supreme Court of the State of New York, County of Orange.

/s/ Maria C. Caceres-Boneau
Maria C. Caceres-Boneau